IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRITISH TELECOMMUNICATIONS PLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br><br>    Defendant. | Civil Action No. 09-107-SLR |

**DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S
ANSWER TO COMPLAINT AND COUNTERCLAIMS**

NOW COMES Defendant Freescale Semiconductor, Inc. ("Freescale") and files this Answer and respectfully answers Plaintiff's Complaint as follows:

1. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Freescale admits the allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. Freescale admits that the Complaint includes claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

4. Freescale admits that this Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Freescale admits that venue exists in this district and is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

6. Freescale admits that a copy of U.S. Patent No. 5,153,591 (the "'591 Patent") was attached as Exhibit A to the Complaint.  Freescale admits that this copy states on its face that (a) it is entitled "Method and Apparatus for Encoding, Decoding and Transmitting Data in Compressed Form"; and (b) it was issued on October 6, 1992.  Except as expressly admitted in this Paragraph, Freescale lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 6, and therefore denies them.

7. Freescale lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Freescale denies the allegations of Paragraph 8 of the Complaint.

9. Freescale admits that the filing of a lawsuit by Plaintiff provides notice to Freescale.  Except as expressly admitted in this Paragraph, Freescale denies the remaining allegations of Paragraph 9.

10. Freescale denies the allegations of Paragraph 10 of the Complaint.

11. Freescale denies the allegations of Paragraph 11 of the Complaint.

12. Freescale requests that the Court deny the relief requested by Plaintiff in the Paragraph entitled "REQUEST FOR RELIEF".

## AFFIRMATIVE DEFENSES

Freescale's Affirmative Defenses are listed below.  Freescale reserves the right to amend its Answer to add additional Affirmative Defenses, including inequitable conduct.

## FIRST DEFENSE

13. Freescale does not infringe, and has not infringed (either directly, contributorily or by inducement), any claim of the '591 Patent.

**SECOND DEFENSE**

14. The '591 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 102.

**THIRD DEFENSE**

15. The '591 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 103.

**FOURTH DEFENSE**

16. The '591 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 112.

**FIFTH DEFENSE**

17. Plaintiff's claims against Freescale are barred by the doctrines of laches and/or equitable estoppel.

**SIXTH DEFENSE**

18. To the extent that Plaintiff, or any predecessors in interest to the '591 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice the Freescale's actions allegedly infringed the '591 Patent, Freescale is not liable to Plaintiff for the acts alleged to have been performed before Freescale received actual notice that it was allegedly infringing the '591 Patent.

**SEVENTH DEFENSE**

19. To the extent that Plaintiff asserts that Freescale indirectly infringes, either by contributory infringement or inducement of infringement, Freescale is not liable to Plaintiff for the acts alleged to have been performed before Freescale knew that its actions allegedly would cause indirect infringement.

**EIGHTH DEFENSE**

20.     Plaintiff's claims against Freescale are precluded to the extent that any allegedly infringing products are supplied, directly or indirectly, to Freescale or by Freescale to an entity or entities having an express or implied license to the '591 Patent.

**NINTH DEFENSE**

21.     Plaintiff's claims against Freescale are precluded pursuant to the doctrine of patent exhaustion.

**FREESCALE'S COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Freescale incorporates the foregoing paragraphs as if fully set forth herein and further pleads the following counterclaims against Plaintiff.

**THE PARTIES**

22.     Freescale is a Delaware Corporation with its principal place of business at 6501 William Cannon Drive West, Austin, Texas.

23.     British Telecommunications plc is a corporation organized under the laws of England and Wales, and has its principal lace of business at 81 Newgate Street, London EC1A 7AJ, England.

**JURISDICTION AND VENUE**

24.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1131 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 *et seq.* because this is a civil action for declaratory judgment.

25.     This Court has personal jurisdiction over Plaintiff by virtue of its having submitted to the jurisdiction by filing the underlying lawsuit.

26.     Venue over these counterclaims is proper against Plaintiff as the venue selected by Plaintiff under 28 U.S.C. §§ 1391 and 1400.

## CLAIMS FOR RELIEF

## DECLARATORY JUDGMENT COUNTERCLAIM

## FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### (Noninfringement/Invalidity of the '591 Patent)

27.     Freescale incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

28.     Freescale has not directly infringed, indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '591 Patent, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

29.     The '591 Patent is invalid for failing to meet the conditions for patentability set forth at 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

30.     An actual controversy exists between Freescale and Plaintiff concerning the alleged infringement and validity of the '591 Patent by virtue of Plaintiff's allegation of infringement.

31.     Freescale is entitled to judgment from this Court that the '591 Patent is not infringed by Freescale and is invalid.

32.     This is an exceptional case entitling Freescale to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Freescale prays for an Order and Judgment from this Honorable Court:

   A.  declaring that Freescale does not infringe any claim of the '591 Patent;

   B.  declaring that each and every claim of the '591 Patent is invalid;

C. declaring that the '591 Patent is unenforceable against Freescale by the doctrines of laches and/or equitable estoppel;

D. adjudging that Plaintiff is not entitled to any injunctive relief sought by Plaintiff;

E. adjudging that Plaintiff is not entitled to any monetary relief;

F. adjudging that Plaintiff is not entitled to any other relief;

G. adjudging that Plaintiff is not entitled to a finding that this case is exceptional within the meaning of 35 U.S.C. § 285;

H. adjudging that this case is exceptional within the meaning of 35 U.S.C. § 285, entitling Freescale to an award of its reasonable attorneys' fees, expenses, and costs; and

I. granting such other and further equitable or legal relief as the Court deems just and proper.

Dated:  March 27, 2009         FISH & RICHARDSON P.C.


                               By: /s/ *William J. Marsden, Jr.*
                                   William J. Marsden, Jr. (#2247)
                                   222 Delaware Avenue, 17th Floor
                                   P.O. Box 1114
                                   Wilmington, DE 19899-1114
                                   Tel:  302-652-5070
                                   Email:  marsden@fr.com

                                   Alan D. Albright
                                   Barry K. Shelton
                                   Christopher R. Johnson
                                   One Congress Plaza, Suite 810
                                   111 Congress Avenue
                                   Austin, Texas 78701
                                   Telephone: 512-472-5070
                                   Email:  albright@fr.com
                                   Email:  shelton@fr.com
                                   Email:  crjohnson@fr.com

                               *Attorneys for Defendant*
                               *Freescale  Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2009, the attached document was electronically filed with the Clerk of Court using CM/ECF which will send electronic notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 27, 2009, I have Electronically Mailed the document to the following person(s):

**VIA EMAIL**

| | |
|---|---|
| Melanie K. Sharp, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br>msharp@ycst.com | Attorneys for Plaintiff<br>British Telecommunications Plc |

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.

11069547.doc

1